UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBIN SHERMAN, on behalf of herself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO. 1:07-cv-0947-DFH-JMS<br>) |
| GATEWAY ELECTRONIC MEDICAL MANAGEMENT SYSTEMS, INC., | )<br>)<br>) |
| Defendant. | )<br>) |
| DANA TYGRETT, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO. 1:07-cv-0433-DFH-JMS<br>) |
| L. FISH CORP., | )<br>) |
| Defendant. | ) |

ENTRY ON PLAINTIFFS' ATTORNEY'S MOTIONS
FOR ATTORNEY FEE AWARDS

The parties agreed to settlements of these collective lawsuits for unpaid overtime wages under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* The principal terms of the settlement in *Sherman v. Gateway Electronic Medical Management Systems, Inc.* provide for a total settlement fund of $33,444.91. That sum consists of $15,944.91 available to be paid to the eleven plaintiffs, plus separate payments of $16,900.00 as "statutory" attorney fees and

$600.00 for costs to be paid directly by defendant to plaintiff's attorney. The agreement also states that defendant Gateway would not object to plaintiffs' attorney's request for an additional fee award of 20 percent of the "common fund" payable directly to the plaintiffs ($3,188.97). The principal terms of the settlement in *Tygrett v. L. Fish Corp.* similarly provide for a total settlement fund of $23,634.05. That sum consists of $14,134.05 to be paid to the plaintiffs, plus separate payments of $9,000.00 as "statutory" attorney fees and $500.00 for costs to be paid directly be defendant to plaintiffs' attorney. The *Tygrett* agreement also states that defendant would not object to plaintiffs' attorney's request for an additional fee award of 20 percent of the "common fund" payable directly to the plaintiffs ($2,826.81). Plaintiffs in both cases are represented by the same attorney, Mr. Ronald Weldy.

The court has approved the terms of the settlements apart from the proposals to blend the "statutory" fees with the common fund method for compensating plaintiffs' attorney. At the hearing on October 24, 2008, the court raised these concerns and invited plaintiffs' attorney to submit additional authority or argument. He has done so. Both defendants have filed brief responses stating they are indifferent so long as the court does not expect them to pay more in total than they have agreed to pay. The issues in the two cases are essentially identical, so the court deals with them together.

The Fair Labor Standards Act authorizes an award of attorney fees to prevailing plaintiffs. 29 U.S.C. § 216(b); *Batt v. Micro Warehouse, Inc.*, 241 F.3d 891, 893 (7th Cir. 2001). In cases litigated to judgment, such awards are ordinarily based on the lodestar amount using the methodology of *Hensley v. Eckerhart*, 461 U.S. 424 (1983). *Batt*, 241 F.3d at 893-94. The fee award is added to the defendant's liability to the plaintiffs themselves, and the fee award does not reduce a plaintiff's individual award. Such fee-shifting statutes are vital for enforcement of legal rights where the individual claims would often be too modest to support a reasonable fee if the prevailing plaintiff were required to pay the attorney based on a percentage of the award, an hourly rate, or any other basis.

In class actions and certain other cases involving groups of plaintiffs, courts often apply a very different method to determine a reasonable attorney fee when an attorney's work produces a "common fund" for the benefit of a group of plaintiffs. See generally *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). (affirming award of percentage of common fund where no statutory fee was available). In such cases, the court awards a percentage of the common fund to the attorney, thus reducing the amount of money available to the individual plaintiffs. The logic of the common fund doctrine is that plaintiffs who benefit from the common fund and the attorney's work would be unjustly enriched if they did not pay a fair share of a reasonable fee to the attorney from whose work they benefitted. *Id.*; *Skelton v. General Motors Corp.*, 860 F.2d 250, 252 (7th Cir. 1988).

The settlements in these two collective actions under the FLSA seek to blend these two methods in an unusual way. Each defendant has agreed to pay plaintiffs' attorney a specified sum as a "statutory" attorney fee. Each defendant has also agreed not to oppose the attorney's request for an additional award of 20 percent of the "common funds" produced by the settlement.

In response to the court's inquiry, plaintiffs' attorney has not identified any other case that has combined in this way these two different methods for compensating an attorney who represents a class or a collection of plaintiffs. The Seventh Circuit addressed a related problem in *Skelton v. General Motors Corp.*, where a case subject to statutory fee-shifting was settled with a common fund, though without a separate allowance for "statutory" fees. Judge Cudahy explained that courts dealing with such settlements ordinarily apply common fund principles. 860 F.2d at 254-56; accord, *Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 563-64 (7th Cir. 1994) (applying common fund approach to settlement under ERISA).

The problem for Mr. Weldy's fee requests here is that courts apply common fund principles to the *total* amount the defendant is willing to pay to settle the case, without first segregating a separate amount for "statutory" fees. See *Sutton v. Bernard*, 504 F.3d 688, 691 (7th Cir. 2007) (applying common fund method to settlement funds net of litigation costs, though district court award vacated and remanded on other grounds); *Florin*, 34 F.3d at 562 (applying method

-4-

to entire settlement fund of $15.5 million); *Skelton*, 860 F.2d at 258 (settlement agreement created $17 million fund from which compensation for plaintiffs' attorneys must be taken). Where there is a single settlement fund, there is an inevitable conflict between the interests of the plaintiffs and the plaintiffs' attorney. The court has a fiduciary responsibility to the plaintiffs to subject the fee requests to heightened scrutiny. *Cook v. Niedert*, 142 F.3d 1004, 1011 (7th Cir. 1998), quoting *Skelton*, 860 F.2d at 253; *In re Fine Paper Antitrust Litigation*, 751 F.2d 562, 583 (3d Cir. 1984). The court's responsibility cannot be short-circuited by an agreement between the plaintiffs' attorney and the defendant as to how much of the fund should go to the plaintiffs' attorney.[1]

The fee agreements signed by the lead plaintiffs in these cases provide for a straight contingent fee of 40 percent if the case settled before trial. Neither called for a retainer or any hourly payments. These fee agreements provide no useful support for Mr. Weldy's fee request. The agreements do not address whether or how to allow plaintiffs' attorney to obtain a fee award that combines both the lodestar method and the common fund method.

---

[1] The *Skelton* court also recognized that a court could approach the problem by insisting on separate settlements for the class and for the attorney fees. 860 F.2d at 256, discussing *In re Fine Paper Antitrust Litigation*, 751 F.2d at 582 (recognizing that settlement may be easier with one combined fund, followed by court resolution of fee issues). No case of which this court is aware has approved the blended method proposed by Mr. Weldy in this case.

Plaintiffs' attorney has also submitted arguments based on a number of common fund cases approving fee awards on the order of 30 to 40 percent. He argues that these show that the 20 percent fee awards he seeks are eminently reasonable. For example, in a securities fraud settlement, a court in the Northern District of Illinois had approved a fee of 30 percent of the settlement fund, noting that in thirteen other securities fraud cases in that district, fees ranging from 30 to 39 percent of funds had been awarded. *Taubenfeld v. AON Corp.*, 415 F.3d 597, 600 (7th Cir. 2005). Apart from the challenge of comparing securities fraud cases with FLSA overtime cases, the more fundamental problem is that none of the other cases involved a fee award that added together a lodestar or "statutory" award and a percentage of a common fund. A percentage that might be reasonable if it were the attorney's only compensation might be unreasonable if it is added to another sum that is itself reasonable.

In common fund cases, the assumption is that the fee is based on the total amount of the fund, which in these cases would include the amounts the defendants are willing to pay as "statutory" fees. See, *e.g.*, *Taubenfeld*, 415 F.3d at 598 (affirming award of 30 percent of fund); *In re Synthroid Marketing Litigation*, 325 F.3d 974, 975-76, 980 (7th Cir. 2003) (awarding fees of 19.9 percent from one fund and 22 percent from another fund); see also *Boeing Co. v. Van Gemert*, 444 U.S. at 475-76 (treating entire judgment as the common fund). If the court were to grant attorney Weldy's request in *Sherman v. Gateway*, the total award would be *62 percent* of the total amount that the defendant is willing to pay to

-6-

settle the case. Even with a fee of just the "statutory" amount plus costs, the attorney will receive more than 50 percent of the total amount that Gateway is willing to pay. In the *Tygrett v. L. Fish Corp.* case, if the court were to grant the attorney's request, the total award would be just over 50 percent of the total amount L. Fish Corp. is willing to pay to settle the case. Just the statutory fee and costs will be slightly more than 40 percent of the total. The common fund precedents therefore do not suggest that Mr. Weldy should be paid anything beyond the "statutory" fees and costs that are part of the settlement agreements.

Attorney Weldy has argued that the total amounts he seeks would still be reasonable, based on his time records and an hourly rate of $250. By themselves, the "statutory" fee portions of the settlement agreements would also produce reasonable total fees using the lodestar method of multiplying reasonable hours by a reasonable hourly rate. A reasonable fee in these cases lies somewhere in a range, and this record does not support Mr. Weldy's claim for an hourly rate of $250. The best evidence of an attorney's market rate is evidence showing the rate the attorney actually charges and collects for his or her services on a non-contingent basis. *E.g., Gusman v. Unisys Corp.*, 986 F.2d 1146, 1149-51 (7th Cir. 1993); *Barrow v. Falck*, 977 F.2d 1100, 1105 (7th Cir. 1992). Mr. Weldy has not offered evidence that paying clients pay him that hourly rate on a non-contingent basis. The able attorney who submitted affidavits supporting the fee applications has substantially more experience than Mr. Weldy and charges $195 on an hourly

basis for comparable work. Awards limited to the "statutory" fee portions of the settlement agreements will be reasonable in these cases.

The most important issue here is one not actually argued: whether the court should accept even the defendants' agreements with plaintiffs' attorney about those "statutory" fee amounts. The court is not bound by those terms of the agreements, which might be interpreted as efforts by plaintiffs' attorney to avoid the court's task of evaluating the reasonableness of the entire fee award. The fact that plaintiffs' attorney is seeking a greater percentage of the total funds than the individual plaintiff agreed to in the *Sherman v. Gateway* case certainly gives the court pause. However, the court is satisfied that the individual plaintiffs in *Sherman* are receiving 100 percent of their actual damages. (They are not receiving liquidated damages, which they might be able to win if the matters were litigated to judgment. See 29 U.S.C. § 216(b).) Where the individual plaintiffs are receiving 100 percent of their actual damages, and where the defendant has also agreed to pay a reasonable attorney fee measured by the lodestar method that would apply if the case went to judgment, the court finds the settlement is reasonable. If the cases were to be litigated more fully, it would not be at all surprising to see attorney fees even greater than the damages awarded. The costs and risks of litigating such cases explain why the statutory provision for fee-

shifting is necessary for reasonably effective enforcement of rights under the FLSA.[2]

Accordingly, for the reasons stated above with respect to the attorney fee issues, and for reasons stated on the record regarding other relevant issues, the court approves the settlement agreements, except that plaintiffs' attorney shall be paid only the sums designated as "statutory" fees and costs. The remaining funds shall be distributed to the individual plaintiffs promptly and pursuant to the terms of the settlement agreements.

So ordered.

Date: January 7, 2009

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

---

[2]The individual plaintiffs in the *Tygrett* case will receive $500 each, except that the lead plaintiff will receive slightly more. The court is satisfied that these awards are reasonable estimates of the individuals' actual damages.

-9-

Copies to:

Dean R. Brackenridge
LOCKE REYNOLDS LLP
dbrackenridge@locke.com

Jeffery M. Mallamad
BINGHAM MCHALE LLP
jmallamad@binghammchale.com

Christopher R. Taylor
BINGHAM MCHALE LLP
ctaylor@binghammchale.com

Ronald E. Weldy
WELDY & ASSOCIATES
weldy@weldylaw.com